Charles Palm, Edq. County Attorney, St. Lawrence County
We acknowledge receipt of a request for a legal opinion from William P. Collins, Administrative Assistant. He states that there is discussion in your county of consolidating several functions into a county law department to be headed by the county attorney. One of the functions would be the operation of the assigned counsel plan through assignment by the county attorney of defense attorneys in appropriate cases. He inquires whether a county attorney should be allowed to make the assignments of attorneys in criminal and Family Court cases because the county attorney, on occasion, will be required to represent the county in the Family Court when such a designated attorney will represent a person charged with wrongdoing. See, as to this duty of a county attorney, the enclosed copy of an informal opinion of this office reported in 1976 Opns Atty Gen 210. He also asks, in the event we find a conflict of interest which would prevent a county attorney from making such assignments, whether the county by local law could require the judge of the Family Court to make them and whether the local law could authorize or require the county attorney to review and approve bills for services submitted by the appointed attorneys.
We are safe in conjecturing the unlikelihood that the appointing county attorney designating a defense attorney to oppose him would allow improper motives to enter into the selection. Be that as it may, it must be kept in mind that in cases having a sharp issue and in which the county attorney prevails against a defense attorney he appointed, some might assert that the county attorney had deliberately selected a poor attorney for the defense or one who would allow the county attorney to prevail. It thus is apparent that it would be improper to place a county attorney in a situation where motives could be misconstrued and the appearance of impropriety could be created so easily. Like reasoning applies to a county attorney's review and approval of the bills for services submitted by such appointees.
In our opinion, it would create a conflict of interest to allow or require a county attorney to be the individual who appoints attorneys to represent individuals in Family Court matters or to review and approve bills submitted by such attorneys.
We draw your attention to the New York Constitution, Art IX, § 3, subd a, par 2, which provides that nothing in the article (which is the article granting home rule rights to local governments) shall restrict or impair any power of the Legislature in relation to the courts as required or provided by Article VI of the Constitution and to Municipal Home Rule Law, § 11, subd 1, par 3 which implements the same. (Article VI of the Constitution relates to the judiciary and the courts.) We feel that it is questionable whether a county by local law may create jurisdiction in a court or mandate that a member of the judiciary perform certain acts without specific statutory authority for enactment of such a local law.